FILED
11/20/2017 12:00 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

2 CITS CML SAC1

**2017CI22031**
NO._____

| | | |
|---|---|---|
| DONNA NORLING, INDIVIDUALLY and as BENIFICIARY OF BARRY NORLING<br>Plaintiff,<br><br>V.<br><br>ORCKE CORPORATION and THE UNIVERSITY OF TEXAS HEATH SCIENCE CENTER – SAN ANTONIO<br><br>Defendants | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br>131ST JUDICIAL DISTRICT<br><br><br><br>OF BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Donna Norlin, Individually and as Beneficiary of Barry Norling, hereinafter called Plaintiff, complaining of and about Oracle Corporation (hereinafter "Oracle") and The University of Texas Health Science Center- San Antonio (hereinafter "UTHSC-SA"), and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, Donna Norling is an Individual who is a resident of San Antonio, Bexar County, Texas.

3. Defendant, Oracle Corporation is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at **500 Oracle Parkway,**

1

# EXHIBIT B-1

Redwood Shores, California, 94065 and is authorized to do business in Texas. Defendant may be served with process by serving **Mark Hurd, Chief Executive Officer**, at the above address. *Citation and Service of process is hereby requested by Certified Mail by the Bexar County District Clerk.*

4. Defendant, The University of Texas Health Science Center-San Antonio is a Texas State Agency and may be served with process on the Office of the Texas Attorney General at **Office of the Attorney General, 300 West 15th Street, Austin, Texas 78701**, pursuant to the provisions of Chapter 104 of the Texas Civil Practice and Remedies Code. *Issuance and service of citation by Certified Mail on The Univerisity of Texas Health Science Center-San Antonio through the Office of the Texas Attorney General is requested by the Bexar County District Clerk at this time.*

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks monetary relief over $1,000,000.00.

7. This court has jurisdiction over Defendant, Oracle Corporation, a foreign corporation doing business in the state of Texas. Defendant purposefully availed itself of the privileges and benefits of conducting business in Texas and by committing a tort, which is the subject of this suit, in whole or in part in Texas.

8. This Court has jurisdiction over this lawsuit and The University of Texas Health Science Center-San Antonio as it is a resident of Texas. The court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements.

9. Venue is proper in Bexar County, Texas pursuant to § 15.016 and 101.102(a) of the Texas Civil Practice & Remedies Code, since the cause of action or a part of the cause action arose in Bexar County, Texas.

10. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, the Plaintiff alleges that all conditions precedent to the filing of this lawsuit and/or the causes of action asserted herein have occurred, been performed, and/or been satisfied.

## FACTS

11. At all times pertinent, Barry Norling was a full-time employee of UTHSC-SA. As a full-time employee, UTHSC-SA offered certain benefits, including life insurance, to Barry Norling. Donna Norling is the named beneficiary of the life insurance policy subject to this lawsuit. UTHSC-SA is the administrator of the subject policy.

12. On an annual basis, there is an open enrollment period to give employees an opportunity to review and change, if desired, their benefits. During the open enrolment period, UTHSC-SA provides employees, including Barry Norling, are given electronic access to their benefits plan which provides the limits of their current insurance and, if desired, the ways to make changes to their coverages.

13. On or about July 6, 2014, Barry Norling received his "Coverage Option Letter" from UTHSC-SA. It indicated that he had $693,000.00 in Supplemental Life Insurance from Standard Insurance. In reliance on this, Barry Norling did not make any changes to his benefit plans. Further, the Norlings' canceled an existing life insurance policy. Barry Norling passed away during the policy period of September 2014 – September 2015. When Donna Norling presented her claim for benefits under the policy she was told for the first time that there was only

$100,000 in coverage. It was explained to her that there was a computer error which caused the "Coverage Option Letter" to provide incorrect information with regard to the coverage amounts under the policy and that the coverage amount indicated was incorrect.

14. At all times pertinent, Oracle was the creator, developer, owner, and installer of the software used by UTHSC with regard to servicing its benefit packages; to include the generation of the "Coverage Option Letter."

## ACTIONS AGAINST ORACLE

15. Defendant, Oracle was the creator, developer, owner, and installer of the software used by UTHSC with regard to servicing its benefit packages. Defendant owed a duty to Plaintiff to use reasonable care with regard to its product's design, installation and use.

16. Defendant breached it duty by failing to use reasonable care in that its software was not designed, installed, and/or used as intended. Specifically, the subject software gave incorrect information with regard to Plaintiff's life insurance coverage amounts. This breached was a proximate cause to Plaintiff's injuries.

17. In addition to above, Defendant had a duty to hire, supervise, train and retain competent employees to design and install its product properly to insure that its product(s) worked as designed. Defendant breached this duty by having incompetent employees with regard to the design, manufacture and installation of its product. This breach was a proximate cause of Plaintiff's damages.

18. Pleading further, with regard to the "Coverage Option Letter," Defendant made representation to Plaintiff in the course of its business and specific to the insurance benefits of

4

Plaintiff.

19. Defendant caused to be supplied false information in the guidance of Plaintiff and did not exercise reasonable care or competence in obtaining or communicating this information. Plaintiff justifiably relied on this information and was injured by the negligent misrepresentation of Defendant.

## ACTIONS AGAINST UTHSC-SA

20. At all times pertinent, UTHSC was the servicer of Barry Norling's employee benefits. In addition, it served as his agent with regard to the insurance policies provided through his employment with UTHSC-SA.

21. Plaintiff and Defendant had a valid enforceable contract with regard to subject life insurance policy. Defendant breached the contract by not providing the benefits under the subject life insurance policy when they were due.

22. Pleading further, with regard to the "Coverage Option Letter," Defendant made representation to Plaintiff in the course of its business and specific to the insurance benefits of Plaintiff.

23. Defendant caused to be supplied false information in the guidance of Plaintiff and did not exercise reasonable care or competence in obtaining or communicating this information. Plaintiff justifiably relied on this information and was injured by the negligent misrepresentation of Defendant.

24. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs'

claim and Defendant's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

> A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;
>
> B. Engaging in unfair claims settlement practices;
>
> C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;
>
> D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably;
>
> E. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;
>
> F. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and
>
> G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

25. Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

26. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against

Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

27. By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

28. As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

29. As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

30. As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

    A. As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

    B. As described in this petition, Defendant failed to disclose information concerning

goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

C. Defendant has breached an express warranty that the damage caused by the Hail Storm would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

D. Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

E. Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

31. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

32. Defendant is liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew was false or made recklessly without any knowledge of their truth as a positive assertion. The statements

were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

33. In addition to above, Defendant had a duty to hire, supervise, train and retain competent employees to service its benefits plan. Defendant breached this duty by having incompetent employees with regard to the servicing of the employee benefit plan. This breach was a proximate cause of Plaintiff's damages.

## DAMAGES

34. The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages which include the policy benefits, consequential damages, statutory damages, and attorney's fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## REQUEST FOR DISCLOSURE

35. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

## JURY DEMAND

47. Plaintiff requests a trial by jury and tenders the jury fee herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

    Respectfully submitted,

    JACOB JORDAN, PLLC
    12703 Spectrum Drive, Suite 200
    San Antonio, Texas 78249
    (210) 598-7950 Telephone
    (210) 598-7951 Facsimile
    By: /s/ Don W. Doyle

    Don W. Doyle
    State Bar No. 24032141
    ddoyle@jacobjordanlaw.com
    **Attorney for Plaintiffs**